```
IN THE UNITED STATES DISTRICT COURT FOR THE
         EASTERN DISTRICT OF OKLAHOMA

RACHEL MICHELLE MORRISON,       )
                                )
            Plaintiff,          )
                                )
v.                              )     Case No. CIV-12-349-RAW-KEW
                                )
CAROLYN W. COLVIN, Acting       )
Commissioner of Social          )
Security Administration,        )
                                )
            Defendant.          )
```

## REPORT AND RECOMMENDATION

Plaintiff Rachel Michelle Morrison (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on January 23, 1991 and was 20 years old at the time of the ALJ's decision. Claimant completed her education through the tenth grade. Claimant has no past relevant work. Claimant received supplemental security income benefits as a child beginning January 1, 2003 until she attained the age of 18 on January 22, 2009. At that time, Claimant's entitlement to benefits

was subject to review.

**Procedural History**

Upon review, the agency determined Claimant was no longer entitled to supplemental security income after April 1, 2010. While Claimant requested an administrative hearing before an Administrative Law Judge ("ALJ"), ALJ Trace Baldwin determined Claimant waived her right to appear at a disability hearing. On June 15, 2011, the ALJ issued an unfavorable decision on entitlement to continued benefits. The Appeals Council denied review of the ALJ's decision on June 20, 2012. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

Relying upon the Medical-Vocational Guidelines (the "Grids"), the ALJ determined Claimant was not disabled.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) finding she had waived her right to an administrative hearing; and (2) failing to provide specific and legitimate reasons for rejecting the medical opinion of Claimant's treating psychiatrist.

**Waiver of an Administrative Hearing**

In his decision, the ALJ determined Claimant suffered from the

4

severe impairment of low intellectual functioning. (Tr. 12). He also determined that Claimant retained the RFC to perform a full range of work at all exertional levels but with the non-exertional limitations that she could perform simple, unskilled tasks (but not semi-skilled or complex, skilled tasks). (Tr. 16). The ALJ then applied Grid 204.00 to find Claimant was capable of making a successful adjustment to other work that exists in significant numbers in the national economy such that she was not disabled after April 1, 2010. (Tr. 20-21).

Claimant first contends the ALJ improperly determined that she waived her right to an administrative hearing. On June 17, 2010, Claimant submitted a Request for Reconsideration - Disability Cessation Form SSA-789-U4, requesting that the cessation of her SSI benefits be reviewed. (Tr. 37). On January 24, 2011, she also submitted a signed Waiver of Right to Appear - Disability Hearing Form SSA-773-U4, waiving her right to a hearing before a disability officer. (Tr. 38). On February 4, 2011, Claimant was informed of the disability officer's determination that she was no longer disabled and that her SSI benefits would cease. (Tr. 47-49)

On March 9, 2011, the agency acknowledged Claimant's request for a hearing before an ALJ. (Tr. 50-51). Claimant was not represented in this process. Claimant did not complete a Waiver of

Right to Oral Hearing Form HA-4608 in which she waived her right to a hearing before the ALJ.

On April 4, 2011, the agency informed Claimant that her file was ready for her review and provided her with a CD with her encrypted file on it. The correspondence also requested additional information from Claimant concerning her request for review. (Tr. 167-68). In response, Claimant submitted a Recent Medical Treatment Form HA-4631, setting forth her further treatment from Dr. Charles A. Lester. (Tr. 180-81). By Notice dated April 26, 2011, the agency informed Claimant that she had a hearing set on May 20, 2011 in McAlester, Oklahoma and explained the hearing process. (Tr. 55-62). On April 21, 2011, the agency requested that a vocational expert be present to testify at the hearing. (Tr. 70).

On May 3, 2011, Claimant called the agency and requested that the hearing be postponed due to a lack of transportation. Claimant was informed that the hearing would not be postponed because she had 18 days to find a ride. Claimant told the agency that the letter she received said she could choose to attend or not attend her hearing. Claimant was informed that if she did not attend the hearing the judge had the right to dismiss her case. (Tr. 183). On April 18, 2011, Claimant wrote a note to the agency which it

6

received on May 12, 2011. Claimant requested an on-the-record decision. She wrote that she called and talked to a woman and she talked to the judge and he said it was one of Claimant's choices because she did not have a ride to the hearing. Claimant stated that she would attend the hearing if she had a ride. (Tr. 73).

No administrative hearing was conducted. The ALJ issued his unfavorable decision.

An ALJ may decide a case on the record and not conduct an oral hearing if all parties indicate in writing that they do not wish to appear before the ALJ at an oral hearing. 20 C.F.R. § 416.1448(b)(I). To insure that the waiver of a hearing is both knowing and voluntary, the Commissioner promulgated Soc. Sec. R. 79-19. This ruling states that an individual or the individual's authorized representative may waive the right to a personal appearance at a hearing only by a writing signed by the individual or the authorized representative which shows:
1. a thorough explanation of the hearing procedure has been given;
2. the right to personal appearance at the hearing to testify and present evidence has been explained;
3. an explanation has been given of the right to representation at the hearing by an attorney or other person of the individual's choice;
4. it has been explained that, in some cases, additional evidence

obtained through oral testimony and personal presence before the presiding officer may be of value in evaluating the issues;

5. the individual has been advised that, if he or she does not appear, the claim will be decided solely on the written evidence then in file plus any additional evidence submitted by the individual or the representative or obtained by the hearing officer; and

6. the individual has been advised that he or she may withdraw the waiver of the right to appear at the hearing prior to mailing of the notice of the decision.

Soc. Sec. R. 79-19.

In order to implement these requirements, the agency promulgated HALLEX I-2-1-45(F) which states that, when a waiver to appear at an oral hearing is received, an ALJ must take the following actions:

1. If the claimant is unrepresented, advise the claimant of the right to representation.

2. Advise the claimant of the advantages of appearing at a hearing; ensure that the claimant is fully advised of the possible consequences of his or her waiver; and explain that even though he or she has waived the right to appear, the ALJ may schedule and conduct a hearing if the ALJ deems it necessary.

3. If the claimant still elects to waive the right to appear at a hearing, obtain written documentation

> of the claimant's election on a Form HA-4608, Waiver of Right to Oral Hearing. . . .
>
> NOTE: If a claimant waives the right to a hearing, the ALJ must afford the claimant the right to submit written comments, responses to interrogatories, or other evidence. (See I-2-7, Posthearing Actions.)

Claimant did not waive her right to a hearing prior to her letter of April 18, 2011. The content of that letter is troubling in several respects. Claimant expressly stated that wanted to appear at the hearing but was without transportation. She was taking advice from agency personnel and, apparently, the ALJ himself as to the manner to proceed. She had previously been informed - erroneously - that her case would be dismissed if she did not appear at the administrative hearing. She had requested a postponement of the hearing so that she could secure transportation but the request was denied. She was not represented in the process. She took the choice provided informally by the ALJ when no other option was available. More importantly, the ALJ failed to secure the Form HA-4608 and inform Claimant of the requirements of the regulations in order to insure her waiver of appearance was both knowing and voluntary. The ALJ determined Claimant suffered from the severe impairment of low intellectual functioning, yet he did not take the steps necessary to protect her right of appearance at the hearing.

9

Because the hearing was not conducted, the ALJ did not receive the latest treatment information from Claimant's treating physician. He discounted Claimant's allegations in the forms she submitted without having the benefit of Claimant's testimony at an administrative hearing to clarify the inconsistencies he found. He also did not receive vocational expert testimony in order to ascertain the effect of Claimant's limitations upon her ability to engage in gainful work activity. On remand, the ALJ shall afford Claimant the opportunity to appear at an administrative hearing or insure any waiver of appearance is both knowing and voluntary as required by the regulations.

**Treating Physician's Opinion**

Claimant also contends the ALJ failed to provide an adequate basis for rejecting the medical opinions of her treating psychiatrist, Dr. Charles A. Lester. The ALJ gave Dr. Lester's opinion controlling weight to the extent it provided support for his finding of non-disability but apparently rejected it when it provided a basis for further functional limitations. (Tr. 17). An ALJ cannot selectively adopt portions of a physician's opinion while rejecting others without adequate explanation. Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007)(citations omitted). On remand, the ALJ shall fully consider the totality of Dr.

Lester's opinion, set forth the weight given to the entirety of the opinion, and provide a basis for rejecting it, if it is indeed rejected.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 28th day of February, 2014.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE